UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA f/b/o D.R. PECK EXCAVATING, INC., <br><br>   Plaintiff, <br> v. <br><br> INTERNATIONAL FIDELITY INSURANCE COMPANY, <br><br>   Defendant, <br> and <br><br> WILLIAMS BUILDING CO., INC., <br><br>   Defendant and Plaintiff-in-Counterclaim, <br> v. <br><br> D.R. PECK EXCAVATING, INC. AND UNITED CASUALTY SURETY AND INSURANCE COMPANY, <br><br>   Defendants-in-Counterclaim. | Civil Action No. 13-cv-13239-DLC <br><br><br> **MEMORANDUM AND ORDER** |

**CABELL, Magistrate Judge**:

This matter comes before the Court upon a motion to dismiss filed by plaintiff and counter-defendant, D.R. Peck Excavating, Inc. ("D.R. Peck"), seeking dismissal of its payment and performance bond surety, United Casualty Surety and Insurance Company ("United Casualty"). The Court has reviewed and considered the papers submitted by the parties, as well as the arguments advanced at the hearing on July 2, 2015. For the reasons discussed below, the motion to dismiss is DENIED.

## I. DISCUSSION AND ANALYSIS

As mentioned above, the plaintiff D.R. Peck moves to dismiss the complaint as it relates to its surety United Casualty. D.R. Peck contends that, because it prevailed at a binding arbitration

proceeding between itself and defendant/plaintiff-in-counterclaim Williams Building Company ("Williams"), and because United Casualty would only be potentially liable in the event D.R. Peck had lost, it follows that United Casualty is no longer potentially liable to Williams and, accordingly, Williams' counterclaims alleging otherwise should therefore be dismissed.  Williams argues in opposition that the motion to dismiss is premature because D.R. Peck and Williams agreed in their contract to be governed by the Federal Arbitration Act ("FAA"), which in this case provides that a party has three months from the date the final award is delivered to vacate, modify or correct the award.  *See* 9 U.S.C. § 12.  According to Williams, that three month waiting period runs from April 28, 2015, the date the arbitrator issued the final award, and thus does not expire until July 28, 2015.  Williams argues that, although it presently does not anticipate it will challenge the award, it desires for a number of reasons to exercise its right to have the full waiting period run before agreeing to cede any rights or claims it might have with respect to any party.

  At the hearing on July 2, 2015, D.R. Peck argued that:  (1) the arbitration was governed by state rather than federal law; (2) that the waiting period under state law is 30 days rather than three months; (3) that the waiting period began not on April 28, 2015 but rather on March 3, 2015, when the arbitrator issued a partial final award; and that (4) the waiting period thus ended as early as May 3, 2015 (if it was 30 days) and no later than June 3, 2015 (if it was three months).  Absent an explicit agreement by the parties to an arbitration, there is no hard and fast rule for determining whether a waiting period should begin following the issuance of a first partial final award or the true final award.  *See e.g., Hart Surgical, Inc., v. Ultracision, Inc.*, 244 F.3d 231 (1st Cir. 2001).  Against this backdrop, the Court finds it would unfairly and unnecessarily penalize Williams to arbitrarily adopt the plaintiff's position.  In that regard, D.R. Peck did not cite to anything tending to suggest that Williams' allusion to specific language in the parties' contract providing that the

arbitration was to be governed by the FAA was mistaken or unjustified. And, while the Court is mindful that D.R. Peck's principal goal in moving to dismiss is to alleviate financial constraints imposed by the loss of access to a substantial sum of its money, the passage of time, and particularly the closeness in time to July 28th, has somewhat diluted the practical impact of that argument. Finally, it would appear from the Court's vantage point that D.R. Peck has at all times since the arbitration decision been in a position to moot this issue and recover its tied-up capital by simply dismissing the lawsuit against International Fidelity Insurance Company. The Court presumes that D.R. Peck has had good reasons for not doing so, just as it presumes Williams has for opposing any attempt to weaken its ability to meaningfully challenge the arbitration award before the expiration of the waiting period.

## II. ORDER

Accordingly, for the reasons set forth above, it is hereby ORDERED that D.R. Peck's motion to dismiss [dkt #44] is DENIED.

**SO ORDERED.**

                                      /s/ Donald L. Cabell
                                      DONALD L. CABELL, U.S.M.J.

DATED: July 7, 2015